UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-24229-RAR

**RONALD DESTRA**,

    Petitioner,

v.

**UNITED STATES OF AMERICA**, *et al.*,

    Respondents.
_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court on Petitioner's "Notice Writ of Habeas Corpus under United States Constitution Article I." *See* Petition ("Pet.") [ECF No. 1]. Petitioner appears to be civilly committed at the South Florida Evaluation and Treatment Center in Florida City, Florida, and is currently facing criminal charges filed in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, Case No. F20-012299-B and Case No. F21-004581.[1] Petitioner alleges that he is being held "without lawful authority in violation of the laws, treaties or Constitution of the United States" and that he is "entitled to immediate release from detention." Pet. at 1–2. Since granting the Petition would require the Court to interfere with an ongoing state criminal proceeding, the Court must **DISMISS** the Petition.

---

[1] The Court takes judicial notice of Petitioner's state court criminal dockets in Case Nos. F20-012299-B and F21-004581 to confirm the allegations contained within the Petition. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute.'") (quoting FED. R. EVID. 201(b)).

Consistent with the Court's exercise of judicial notice, the Clerk is **INSTRUCTED** to include the Eleventh Judicial Circuit's docket in Case Nos. F20-012299-B and F21-004581, as of the date of this Order's rendition, as part of the record in this case, available at https://www2.miami-dadeclerk.com/cjis/ (last accessed Dec. 29, 2022).

"[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes[,]" 28 U.S.C. § 2241 and 28 U.S.C. § 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). A § 2254 petition applies to a very narrow subset of petitioners: "state prisoner[s] in custody pursuant to the judgment of a State court[.]" *Id.* at 1060. In contrast, § 2241 governs any petitioner whose custody under color of state law violates "the Constitution or laws or treaties of the United States"—the most common example of this class of petitioners are persons held in pretrial detention. *Id.* (citing 28 U.S.C. § 2241(c)(3)). Petitioner does not specify the nature of his commitment in the Petition. *See generally* Pet. However, a review of Petitioner's state court dockets indicate that he has been charged with several felonies, but that the state court has since adjudged Petitioner to be incompetent to proceed and ordered him to be civilly committed in the interim. *See* Fla. Stat. § 916.13(1) ("Every defendant who is charged with a felony and who is adjudicated incompetent to proceed may be involuntarily committed for treatment[.]"). Given that Petitioner's current civil detention is not incident to a criminal judgment, the Court finds that the Petition is properly construed as one brought under § 2241 since Petitioner's current status most resembles that of a pretrial detainee. *See Hiteshaw v. Butterfield*, 262 F. App'x 162, 164 (11th Cir. 2008) ("Hiteshaw, as a pre-trial detainee, is not in custody pursuant to any state court judgment, and his habeas petition should have been treated as a § 2241 petition."); *see also, e.g.*, *Gonzalez v. Metro West Det. Ctr.*, No. 19-CV-24124, 2020 WL 2197864, at *2–3 (S.D. Fla. May 6, 2020) (construing the petition of a prisoner who was civilly committed after being found "incompetent to proceed to trial" under § 2241).

Although Petitioner confidently states that his detention is illegal, he does not explain why or how his present civil commitment violates the laws or Constitution of the United States. Amidst a sea of non sequiturs, the Court has been able to deduce two potential arguments: (1) that

Petitioner is entitled to be released because he has discharged his court appointed attorney, and (2) that the laws authorizing his detention "were never voted on by the Congress, which means that these [statutes] are not positive law in America.  Contrary to Law!" Pet. at 2, 5.  All that said, the Court need not address the merits of the Petition since the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) clearly applies.  A federal court should abstain from exercising its jurisdiction under *Younger* when "(1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 766 (11th Cir. 2013).  However, there are also "three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022).  "When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (quoting *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977)); *see also Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) ("[T]he [*Younger*] doctrine usually applies in cases involving criminal prosecution or the criminal justice system.").

It is undisputed that there is an ongoing state criminal prosecution against Petitioner; therefore, the Court must dismiss the Petition unless Petitioner can demonstrate one of the "three narrow exceptions" to the *Younger* doctrine.  *See Lewis v. Broward Cnty. Sheriff's Off.*, No. 20-14603, 2021 WL 5217718, at *2 (11th Cir. Nov. 9, 2021) ("Because Lewis was involved in ongoing state court proceedings, and his § 2241 petitions concerned the lawfulness of those proceedings and his continued detention pursuant to those proceedings, the *Younger* abstention

doctrine precluded federal interference, absent extraordinary circumstance.") (citing *Younger*, 401 U.S. at 43).  Petitioner does not allege any of the three exceptions to the *Younger* doctrine, and the Court's *sua sponte* review of the Petition and state court docket confirms that no exception exists.[2]  The Court also notes that the relief requested by Petitioner would, by implication, require the Court to second-guess a state court's determination that Petitioner is incompetent to proceed in an ongoing criminal proceeding which, under *Younger*, is a wholly inappropriate function for this Court to undertake.  *See Coley v. Clinton*, 635 F.2d 1364, 1371 (8th Cir. 1980) ("As to state judicial action involved in the commitment and release of criminal defendants, abstention is compelled by the doctrine of [*Younger*] which restricts federal court interference with pending state court criminal proceedings. . . . Appellants therefore may not invoke federal declaratory or injunctive action at this time to interfere with the Arkansas circuit court commitment proceedings.") (footnote omitted); *accord Pringle v. Florida*, No. 18-CV-475, 2019 WL 1902600, at *3 (N.D. Fla. Apr. 10, 2019) (applying *Younger* to habeas petition filed by a prisoner involuntarily committed under Fla. Stat. § 916.13).

Lastly, the Court must consider whether to grant Petitioner a "certificate of appealability" ("COA").  *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal.").  Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right[,]" 28 U.S.C. § 2253(c)(2), or if "jurists of reason" would find

---

[2] In fact, the Court recognizes that Petitioner has filed a state petition for writ of habeas corpus that is currently pending in the state trial court, confirming that Petitioner has access to a state forum where he can contest the conditions of his confinement and trial court's competency determination.  *See State v. Destra*, No. F20-012299-B (Fla. 11th Cir. Ct. Dec. 20, 2022), Seq. No. 361; *see also* Fla. Stat. § 916.107(9)(a) ("At any time, and without notice, a forensic client detained by a facility . . . may petition for a writ of habeas corpus to question the cause and legality of such detention and request that the committing court issue a writ for release."); *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996) (holding that there is an adequate state forum when "the plaintiff could have sought habeas corpus relief in the state court system").

it debatable if the district court was correct in its procedural ruling, *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  Here, reasonable jurists would not debate the Court's decision to dismiss the Petition based on the *Younger* abstention doctrine.  Accordingly, a COA must be denied.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED without prejudice**.  The Clerk is **DIRECTED** to include the Eleventh Judicial Circuit Court's dockets in Case Nos. F20-012299-B and F21-004581 as part of the record.  All pending motions are **DENIED as moot** and all deadlines are **TERMINATED**.  A COA will **NOT ISSUE**.  The Clerk is instructed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 30th day of December, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:    Ronald Destra, *pro se*
       6704387
       South Florida Evaluation & Treatment Center
       Inmate Mail/Parcels
       18680 SW 376th Street
       Florida City, FL 33034

       Noticing 2254 SAG Miami-Dade/Monroe
       CrimAppMIA@MyFloridaLegal.com